**Mercedes WARD, Plaintiff—Appellant,**

v.

**CLARK COUNTY, Defendant— Appellee.**

No. 06–16990.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2008.

Filed July 9, 2008.

Richard Segerblom, for Plaintiff–Appellant.

Evangelina Garcia Mendoza, Luther M. Snavely, Garcia–Mendoza & Snavely Chtd., Las Vegas, NV, for Defendant–Appellee.

Before: SCHROEDER, LEAVY and WALKER *, Circuit Judges.

* The Honorable John M. Walker, Jr., Senior United States Circuit Judge for the Second Circuit Court of Appeals, sitting by designation.

MEMORANDUM **

Mercedes Ward, an African–American and Hispanic woman, filed suit against Clark County alleging discrimination on the basis of her race and gender, and retaliation. The district court granted summary judgment, and Ward appealed the district court's order only as to her retaliatory transfer claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *see Grimes v. San Francisco*, 951 F.2d 236, 238 (9th Cir.1991), and we affirm.

Ward contends that, after she filed discrimination and retaliation charges, her employer again retaliated by involuntarily transferring her to another department in a different location. However, her complaint neither mentioned nor alluded to this transfer. *See* Fed.R.Civ.P. 8(a) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief....."). Ward did not move to amend her complaint. *See* Fed.R.Civ.P. 15(a). The case was not tried, so Rule 15(b) is unavailing. *See Crawford v. Gould*, 56 F.3d 1162, 1168–69 (9th Cir. 1995) (holding that pleadings are not amended to conform to the evidence when the matter is decided at summary judgment).

Rather, Ward raised the retaliatory transfer claim for the first time in her opposition to Defendant's motion for summary judgment. However, a party may not circumvent Rule 8's pleading requirements by asserting a new allegation in response to a motion for summary judgment. *Cf. Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2006). Defendant did not have fair notice that Ward was pursuing a retaliatory transfer claim in the district court action.

The district court properly found that Ward did not allege a retaliatory transfer claim in her complaint and that only in her opposition to summary judgment did she argue that an issue of disputed fact existed regarding the transfer. The district court did not err when it granted summary judgment.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.